**Pepper Hamilton LLP**
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Richard J. Zack
direct dial: 215-981-4726
zackr@pepperlaw.com

January 27, 2017

**VIA FAX**

The Honorable Ralph R. Erickson
United States District Court for the District of
North Dakota
655 1st Avenue North, Suite 410
Fargo, ND 58102-4952

Re: *Consumer Financial Protection Bureau v. Intercept Corp. et al.*, Case No. 16-cv-144

Dear Judge Erickson,

We represent Intercept Corporation, Bryan Smith, and Craig Dresser in this matter. In advance of oral argument on Defendants' Motion to Dismiss on February 27, 2017, we write to provide an update on the ruling by the United States Court of Appeals for the District of Columbia Circuit in *PHH Corp. v. Consumer Financial Protection Bureau*. 839 F.3d 1 (D.C. Cir. 2016). As noted in Defendants' October 12, 2016 Notice of Supplemental Authority (Doc. No. 34), the *PHH* court held that the Bureau's structure violated Article II of the Constitution by lodging "massive, unchecked power" in the Bureau's Director—thus supporting Defendants' position that the Bureau's Complaint must be dismissed with prejudice for the same reasons. *See* Mot. to Dismiss, Doc. No. 19, at 38–44; Reply in Support of Mot. to Dismiss, Doc. No. 32, at 14–15; Defs.' Notice of Supplemental Authority, Doc. No. 34.

The Bureau has criticized the *PHH* ruling as "wrongly decided" and having no effect on the pending Motion to Dismiss because courts in the Eighth Circuit are not formally bound by D.C. Circuit decisions. Doc. No. 35. Other courts have rejected this reasoning. Earlier this month, the District Court for the Central District of California—which is notably outside the D.C. Circuit—certified for interlocutory appeal several issues, including the question of the Bureau's constitutionality in light of *PHH*. *Consumer Financial Bureau Protection v.*

**Pepper Hamilton LLP**
Attorneys at Law



*CashCall Inc., et al.*, Case No. 15-cv-7522, Doc. No. 236 (C.D. Cal. Jan. 3, 2017), attached as Exhibit A. This was all the more remarkable because the *CashCall* court previously rejected the defendants' constitutionality argument. After *PHH*, however, the court recognized that the D.C. Circuit's decision rendered the Bureau's constitutionality a "controlling question of law" as to which there is a "substantial difference of opinion"—the first two elements of the interlocutory appeal analysis.

The *CashCall* court also found that resolution of the constitutionality issue would materially advance the termination of the litigation—the third and final interlocutory appeal factor. The court rejected the Bureau's argument that its unconstitutionality has no effect on pending enforcement actions. *Id.* at 5. The court reasoned, as Defendants have previously argued (Doc. No. 34 at 1 n.1), that the D.C. Circuit did not have the opportunity to address this issue because the *PHH* enforcement action was vacated for other reasons—namely, the Bureau's myriad errors in interpreting the Real Estate Settlement Procedures Act. Accordingly, the *CashCall* court held that if the Ninth Circuit followed *PHH*'s constitutional analysis, the "appropriate remedy" may be to dismiss, or "terminate[]," the Bureau's enforcement action. *Id.* at 3, 5.

We hope this letter is helpful, and we look forward to addressing at oral argument other reasons warranting dismissal of the Bureau's Complaint.

Sincerely,

Richard J. Zack

Enclosures

cc (via email): All counsel of record